IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA O. NARANJO | § | |
|     Plaintiff | § | Case No.: _____ |
| v. | § | |
| James N. Hull & Associates PC dba | § | COMPLAINT AND JURY DEMAND |
|     Hull & Associates PC; and | § | |
| Universal Surety of America | § | |
| Sherman Acquisition, LP; | § | |
| Sherman General Partner SPE LLC; | § | |
| Sherman "John Doe 1, 2 & 3" | § | |
|     Defendants | § | |

Plaintiff, MARIA O. NARANJO brings suit against Defendant debt collectors for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related claims. Suit is also brought against Defendant Universal Surety of America, the bonding company for Defendant Hull & Associates.

### A.   JURISDICTION AND VENUE.

1.   The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.  The Court specifically has jurisdiction over Defendant Universal Surety of America under 28 U.S.C.

§ 1367(a) (the federal court's "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties).

2.      Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in San Patricio County, Texas.

3.      Plaintiff is an individual who resides in San Patricio County, Texas.

4.      Defendant James N. Hull & Associates PC dba Hull & Associates PC is a Texas corporation with its principle place of business in Harris County at 6200 Savoy Dr., Suite 440, Houston, TX 77036. Said Defendant may be served by and through its registered agent James N. Hull, 6200 Savoy Dr., Suite 440, Houston, TX 77036.

5.      Defendant Universal Surety of America is a domestic corporation, with a principal place of business at 5440 Harvest Hill Rd., Dallas, TX 75230. Said Defendant may be served by and through its registered agent C T Corporation System, 350 North St Paul St., Dallas, TX 75201.

6.      Defendant Universal Surety is the bonding company for Defendant Hull & Associates. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Defendant Universal Surety is liable for the Texas debt collection claims Plaintiff can bring against Defendant Hull & Associates, up to the amount of the bond. Therefore, when this petition refers to liability of Hull & Associates for violations of the Texas debt collection act, that liability refers equally to Defendant Universal Surety. For the purpose of simplicity, this complaint will use the generic term Defendant to mean Hull & Associates, with derivative liability to Defendant Universal Surety for the Texas debt collection act claims.

7. Defendant **SHERMAN ACQUISITION, LP** is a foreign limited partnership organized and existing under the laws of the State of Delaware. This suit arose out of said Defendant's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. Said Defendant engages in business in Texas but no longer maintains a designated agent for service of process in Texas. Therefore said Defendant **SHERMAN ACQUISITION, LP** may be served with process **by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**. See Tex. Bus. Corp. Act art. 8.10(B). The Texas Secretary of State may also forward a copy of the citation and petition of this cause to the registered agent said Defendant listed in the records of the State of Delaware, **The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington De 19801** (New Castle County).

8. Defendant **SHERMAN GENERAL PARTNER SPE LLC** is a limited liability company organized and existing under the laws of the State of Delaware. Said Defendant a general partner of Defendant Sherman Acquisitions, LP and thus is liable for the actions of said defendant. This suit arose out of Sherman Acquisitions, LP's business in Texas. Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. Said, through Sherman General Partner SPE LLC, Defendant engages in business in Texas though Sherman Acquisitions, LP, but neither Defendant maintains a designated agent for service of process in Texas. Therefore Defendant **SHERMAN GENERAL PARTNER SPE LLC** may be served with process **by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**. See Tex. Bus. Corp. Act art. 8.10(B). The Texas Secretary of State may also forward a copy of the citation and petition of this cause to Defendant Sherman General Partner SPE LLC by and through the registered agent listed in the records of the State of Delaware,

**The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington De 19801** (New Castle County).

9. The Court has jurisdiction over nonresident defendants Sherman Acquisition and its general partner, Defendant Sherman SPE. Said Defendants purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Defendant Sherman Acquisition engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that form the basis of the other claims brought by way of this complaint.

10. On information and belief, there other entities other entities related to Defendants SHERMAN ACQUISITION, LP and Defendant SHERMAN GENERAL PARTNER SPE LLC that may have vicarious, derivative or other liability, such as being general partners to the two existing Sherman Defendants. At this time, Plaintiff designates these as yet unknown entities as Defendants Sherman "John Does 1, 2, & 3." Plaintiff will promptly serve the existing Sherman defendants discovery to identify these related entities and will promptly amend her complaint based upon their timely and proper response to the discovery requests. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

11. For purposes of simplicity, this complaint will simply use the term "Defendants Sherman" or "Sherman Defendants" to refer to Defendants SHERMAN ACQUISITION, LP, SHERMAN GENERAL PARTNER SPE LLC, and Sherman "John Does 1, 2, & 3."

12. All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.   STATEMENT OF FACTS

13.   On or about August 3, 2001 Defendant Hull & Associates, a debt collection law firm, sought obtained a default judgment against Plaintiff Naranjo in <u>Providian National Bank v. Mary O. Naranjo</u>, Cause No. <u>3,588</u>, Justice Court, Pct. 1, San Patricio County.  The judgment for was for an alleged credit card debt. When Defendant Hull sought the default judgment it knew that debt was barred by the statute of limitations but, nevertheless, intentionally sought and obtained judgment.

14.   Defendant Hull & Associates twice abstracted the same judgment. On May 15, 2002 Defendant Hull abstracted the judgment under the style of Providian National Bank v. Mary Naranjo and then again on October 20, 2008 abstracted the same judgment but styled it as Sherman Acquisition LP as assignee of Providian National Bank v. Mary Naranjo. When Defendants Hull and Sherman abstracted the judgments, they knew that the judgment was based on a time barred debt.

15.   On or about August 5, 2008, Plaintiff's home burned to the ground. She an her family lost everything and were rendered homeless. Over the coming months, Plaintiff and her family sought to obtain financing to purchase a mobile home in which to live. However, the abstract of the judgment prevented Plaintiff from being able to obtain financing. On information and belief, Defendants Hull and Sherman knew Plaintiff lost her home, knew that Plaintiff needed to obtain financing to purchase a mobile home to live in, and knew that the abstract of judgment was preventing Plaintiff from obtaining financing. On information and belief, Defendants Hull and Sherman double abstracted the same judgment and maintained the abstract of judgment for a

debt they knew was time barred for the purpose of attempting to extract money from Plaintiff, who is indigent.

16. On or about October 28, 2008 Defendant Sherman, acting by and through Defendant Hull, sent Plaintiff discovery in aid of execution on the judgment on the time barred debt. The discovery and cover letter thereto constituted the "initial communication" by Defendant Sherman within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. 1692g(a). However, Defendant Sherman failed to include the statutorily required disclosures to Plaintiff in the initial communication or, within 5 days of the initial communication, advising Plaintiff of her rights, including her rights to dispute the debt.

17. Plaintiff then retained attorney Christina Trejo of Texas Rio Grande Legal Aid, Inc. Ms. Trejo and Defendant Hull entered into a Rule 11 Agreement as to discovery issues and communicated about the case.

18. Despite knowing that Plaintiff was represented by counsel, Defendant Sherman, by and through Hull & Associates, made an end run around Ms. Trejo and sent correspondence dated May 5, 2009 directly to Plaintiff. Defendants Sherman and Hull made a settlement demand directly to Plaintiff for $11,993.79 on a judgment which has a principal amount of just on a principal amount of $3,3391.40.

19. To this day, Defendants Sherman Acquisition and Hull & Associates continue to maintain an abstract on a judgment they know was obtained on a time barred debt. This continues to inflict damages on Plaintiff.

20. At no time have Defendants Sherman posted a bond with the Texas Secretary of State, a condition precedent to be able to collect an alleged consumer debt in Texas.

21. In the alternative, Defendants Sherman and Hull & Associates took the above actions recklessly, and with a conscious disregard for Plaintiff's rights. In the second alternative, Defendants Sherman and Hull & Associates actions were unintentional. However, intent is not relevant to the claims under the Fair Debt Collection Practices Act or the Texas debt collection act, which are strict liability statutes.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

22. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

23. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

24. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. Defendants are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

26. The obligation alleged by Defendants in the underlying state collection lawsuit, in the abstract of judgment, and in their subsequent communications is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. Defendants actions listed in the above statement of facts constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act. Specifically, the seeking and obtaining of the default judgment; the abstracting and maintaining of the abstract of judgment; the correspondence and discovery to Plaintiff; and the calls to Plaintiff all constitute attempts to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

28. Defendants violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Defendants violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; contacting a consumer represented by counsel; and engaging in conduct the natural consequence of which is to harass, oppress any person.

29. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

30. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

32. Defendants are each is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

33. The obligation alleged by Defendants in the underlying state collection lawsuit, in the abstract of judgment, and in written communications is a action is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

34. Defendants violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt Defendants violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; using threats coercion or attempts to coerce; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; using language intended to abuse unreasonably the hearer or reader; making repeated or continuous telephone calls, with the intent to harass a person at the called number; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; and contacting a consumer represented by counsel.

35. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, injunctive relief and mandatory attorney's fees and costs, and these are so sought.

36. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande

Legal Aid, Inc.

### COUNT # 3: Tort of unfair debt collection.

37. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

38. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual, exemplary and punitive damages, and which is so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

39. Plaintiff's injuries resulted from Defendants' malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### C. COUNT # 4 Fraud and intentional misrepresentation.

40. Plaintiff incorporates the above statement of facts by reference.

41. Hull and Sherman made material and false representations When Hull and Sherman made the representations, they knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Hull and Sherman made the representations with the intent that they be acted upon. The representations were in fact acted upon causing Plaintiff injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Plaintiff seeks exemplary and punitive damages for these acts.

42. Hull and Sherman made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of

10

opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. The misrepresentations of Hull and Sherman were relied upon, damaging Plaintiff. <u>Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc</u>., 962 S.W.2d 507, 524 (Tex. 1998). Plaintiff seeks exemplary and punitive damages for these acts.

43. Plaintiff's injuries resulted from Defendants' malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### D. ATTORNEY'S FEES

44. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### E. JURY DEMAND.

45. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### F. PRAYER

46. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    i. The above referenced relief requested;

    ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) and $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).

    iii. Equitable relief including, but not limited to, fee forfeiture, profit disgorgement and equitable disgorgement;

iv. Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

v. Attorney fees for attorney Ahmad Keshavarz, not for Texas RioGrande Legal Aid, Inc.

vi. Costs of court;

vii. Exemplary and punitive damages;

viii. Prejudgment and post-judgment interest as allowed by law;

ix. Costs of suit;

x. General relief;

xi. An injunction preventing Defendant from engaging in similar unlawful conduct now and in the future;

xii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/

Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFF
State of Texas Bar Number: 24012957
Southern District of TX Admission #: 27001

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:   (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

TEXAS RIO GRANDE LEGAL AID, INC.

By: Christina E. Trejo
Attorney at Law

State of Texas Bar Number: 24003124

Texas RioGrande Legal Aid, Inc.
Houston Office
1010 Waugh Dr.
Houston, Texas 77019
Phone: (713) 528-6798 ext. 2257
Fax: (713) 630-2218
Email: CTrejo@trla.org