UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA O NARANJO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-240 |
| | § | |
| UNIVERSAL SURETY OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff's Motion for Reinstatement under FRCP 59(e) and in the Alternative, Motion for Relief under FRCP 60(a), and Memorandum in Support. (D.E. 6.) For the reasons stated herein, Plaintiff's Motion is GRANTED.

### I. Jurisdiction

The Court has federal question jurisdiction over this lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are so related to the federal claims that they form part of the same case or controversy.

### II. Factual and Procedural Background

On September 14, 2009, Plaintiff filed her complaint in this Court, bringing claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Texas Debt Collection Statute, Tex. Fin. C. § 392.001 et seq., and related tort claims. (D.E. 1.) On November 10, 2009, the Court held an Initial Pretrial Conference ("IPTC") in this

action, at which neither lead counsel Ahmad Keshavarz nor local counsel Christina Trejo appeared, in violation of this Court's Order for Conference and Disclosure of Interested Parties. (D.E. 2 ¶ 1.) After counsel for Plaintiff failed to appear, the Court sua sponte dismissed this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), as lead counsel had not adequately informed the Court of his inability to attend the IPTC and had not effectively served process on any Defendant to this action. (D.E. 3; D.E. 4.) On November 24, 2009, counsel for Plaintiff timely filed a Motion to Reinstate pursuant to Federal Rule of Civil Procedure 59(e) or 60(a).[1] (D.E. 6.)

### III. Discussion

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Bass v. Dep't of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000).[2] In this case, the Order of Dismissal and Final Judgment were entered on November 10, 2009. (D.E. 4.) Excluding intermediate Saturdays, Sundays, and legal holidays, Plaintiff's motion for reconsideration was due, at the latest, by November 25, 2009. See Fed. R. Civ. P. 6(a) (effective until Dec. 1, 2009). The motion was filed on November 24, 2009 and therefore is considered properly under Rule 59(e).

---

[1] The Motion refers to Federal Rule of Civil Procedure 60(a) in its title. The Motion later refers, however, to Rule 60(b)(1) instead of Rule 60(a). (D.E. 6 at 14.) Because Rule 60(a) applies only "where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another," Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir. 1986), and counsel for Plaintiff makes no other reference to Rule 60(a) or any clerical errors, the Court interprets the Motion as being made under Rule 60(b)(1).

[2] "[A] motion [for reconsideration], provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." Rogers v. KBR Tech. Servs., No. 08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court. Fed. R. Civ. P. 59(e). It is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Rule 59(e) motions may also be granted to "prevent a manifest injustice." Brown v. Mississippi Co-op Extension Serv., 89 Fed. Appx. 437, 439 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

In his motion, lead counsel for Plaintiff admits that he made several mistakes in this case. After the initial Order for Conference was filed on September 15, 2009, he failed to inquire with the Court as whether he or local counsel, Ms. Trejo, could appear in person or by phone for the IPTC. Then, the week of the IPTC, he became ill and failed to notice the upcoming conference date. Only on the morning of the IPTC did Ms. Trejo contact the Court to explain the situation. Counsel argues that the Court should reconsider its Order under Rule 59(e) for three reasons. First, counsel argues that the Court partially based its ruling on the inaccurate belief that counsel had not informed the Court of his inability to attend the IPTC and had not taken steps to effectuate service of process, when in fact Ms. Trejo did attempt to contact the Court and counsel had taken

steps towards serving Defendants within the deadline established by Rule 4(m). (D.E. 6 at 7.) Second, counsel contends that the dismissal will cause Plaintiff to suffer manifest injustice, as the statute of limitations on at least some of Plaintiff's Fair Debt Collection Practices Act will have run between the date the suit was filed and the date the court dismissed the suit. (D.E. 6 at 8.) Third, counsel argues that the Court's sua sponte dismissal was a clear error of law, because there is no record of delay or contumacious conduct by counsel, and the Court should have chosen a less drastic sanction. (D.E. 6 at 9-14.)

The Court does not accept counsels' excuses in this matter. Counsel has consistently failed to abide by orders of this Court. First, counsels' failure to attend the IPTC without filing a motion for a continuance or adequately informing the Court of their inability to attend is simply inexcusable. Mr. Keshavarz and Ms. Trejo should have made arrangements for attendance at the IPTC well before the scheduled date. The Court's Order for Conference specifically requires that an attorney with the authority to bind the client appear at the IPTC, and warns that failure to comply with the Order may result in sanctions, including dismissal of the action. (D.E. 2 ¶¶ 7, 10.) At the very least, Mr. Keshavarz should have contacted the Court himself before the IPTC if he was aware that he would be unable to attend. A phone call from local counsel to the Court mere hours before a scheduled IPTC cannot substitute for the proper filing of a motion for a continuance or other formal contact in the weeks leading up to the IPTC. Counsel had approximately two months from the entry of the Order for Conference to contact the Court, but did not do so. In addition to failing to appear at the IPTC, counsel also failed to file a Joint Discovery/Case Management Plan in advance of the IPTC as required by

the Court's Order for Conference. (D.E. 2 ¶ 4.) Finally, counsel had not effected service of process on any Defendant at the time of the IPTC, and to date has still not done so.

Despite these numerous failures, the Court is mindful of the need to avoid dismissals with prejudice when possible and the general preference for "lesser sanctions designed to achieve compliance with court orders and expedite proceedings." Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382 (5th Cir. 1978). Lesser sanctions are particularly "favored where neglect is plainly attributable to an attorney rather than to his blameless client." Id. Moreover, the Court must seek to avoid injustice to a party, particularly when the party itself is not at fault. Brown, 89 Fed. Appx. at 439. The Court concludes that the client, Maria Naranjo, should not be punished by dismissal of her claims due to her attorneys' errors. To prevent manifest injustice and provide Ms. Naranjo with a full opportunity to pursue her claims, the Court grants Plaintiff's Motion to Reinstate and vacates its earlier Order of Dismissal (D.E. 3) and Final Judgment (D.E. 4). A new Order for Conference will issue after this Order. Counsel should be prepared to discuss appropriate sanctions for their actions in this case at the IPTC.

## IV. Conclusion

For the reasons stated above, the Court hereby GRANTS Plaintiff's Motion for Reinstatement. (D.E. 6.) The Court vacates its Order of Dismissal (D.E. 3) and Final Judgment (D.E. 4).

SIGNED and ORDERED this 1st day of December, 2009.

_____
Janis Graham Jack
United States District Judge